IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE J. CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11cv380-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act, 42 U.S.C. § 401, et seq., and for supplemental security income benefits under

Title XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., alleging that she was unable

to work because of a disability. Her application was denied at the initial administrative level.

The plaintiff then requested and received a hearing before an Administrative Law Judge

("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council

rejected a subsequent request for review. The ALJ's decision consequently became the final

decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11ᵗʰ Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11ᵗʰ Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11ᵗʰ Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11ᵗʰ Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11ᵗʰ Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11ᵗʰ Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5ᵗʰ Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction**.  The plaintiff was 43 years old at the time of the hearing before the ALJ and has a limited 11th grade education.  The plaintiff's prior work experience includes work as a hospital cleaner and nurse's assistant.  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of degenerative disc disease of the lumbar spine and right knee difficulties.  The ALJ further found that the  plaintiff's mental impairment of depression was non-severe.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform a limited range of light work with a sit-stand option, no climbing of ladders, ropes, or scaffolds, and no more than occasional stooping, balancing, crouching, kneeling, crawling, and climbing of stairs and ramps. (R. at 22-24)

**B.  The Plaintiff's Claims**.  As stated by the plaintiff, her claims are

1. The Commissioner's decision should be reversed, because the Appeals Council erred in failing to remand her case to the ALJ on the basis of new and material evidence and since the Appeals Council did not provide any reasoning for denying her appeal, it did not meaning fully consider this evidence.

2. The Commissioner's decision should be reversed, because the ALJ failed to properly evaluate Ms. Chism's mental impairments, and erred in finding these impairments to be nonsevere.

3. The Commissioner's decision should be reversed, because the ALJ failed to resolve the conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles.

(Doc. # 11, Pl's Br. at 5).

4

## IV. Discussion

**A. Introduction**.  A disability claimant bears the initial burden of demonstrating an inability to return to her past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999. The ALJ must also conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The Commissioner's regulations require that a written decision contain several elements.  The ALJ must state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based*.

42 U.S.C. § 405(b)(1) (emphasis added).

**B. Appeals Council Actions**.  The plaintiff argues that the Appeals Council erred in failing to remand her case on the basis of new and material evidence which it did not

meaningfully consider.  This evidence consists of the report of an MRI done on October 15, 2009, in which the radiologist found "Chronic dessication of the L3-4, 4-5, 5-S1 discs. Mild diffuse broad-base disc bulge L3-4. Minimal disc bulge L4-5 and 5-S1." (R. at 436) In addition, the plaintiff submitted to the Appeals Council a statement by her treating physician written on a prescription pad sheet.  It states "Pt is totally disabled due to back pain.  She has lumbar disc disease." (R. at 437) This note was written on October 8, 2009, one week *before* the MRI.

The plaintiff argues that remand is warranted because the Appeals Council's failure to explain its decision to uphold the ALJ shows that it did not meaningfully consider this evidence.  That argument presumes that this evidence would be sufficient to change the ALJ's decision.  It is not.[5]  First, the note from the plaintiff's treating physician was written *before* the MRI was performed; thus, the MRI could not have informed his opinion. Secondly, the MRI shows only "mild" or "minimal" problems.  In light of her admitted daily activities as correctly recounted by the ALJ, (R. at 24), the court concludes that this new evidence is insufficient to cast doubt on the ALJ's conclusions.

**C. The Mental Impairment**.  The plaintiff contends that the ALJ failed to properly evaluate her mental impairments, and erred in finding these impairments to be nonsevere.

In the present case, the ALJ found that Ms. Chism's "mental impairment of depression does not cause more than minimal limitation in the claimant's

---

[5]  Because the court reaches this conclusion, it is unnecessary to consider the ancillary questions about how to deal with evidence first submitted to the Appeals Council. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253 (11th Cir. 2007).

ability to do basic work activities" (Tr. 20). A review of the record shows that Ms. Chism has carried her burden of establishing a severe mental impairment at Step Two of the sequential evaluation process. Treatment records from SpectraCare note that Ms. Chism was diagnosed with: Major Depressive Disorder, recurrent, moderate; Specific Phobia-situational; Generalized Anxiety; Sibling Relational Problem; and Parent-Child Relational Problem (Tr. 426). Ms. Chism was prescribed Wellbutrin for her mental impairments (Tr. 408). Additionally, during the hearing, Ms. Chism testified that she is depressed and that her depression impacts her ability to do work-related activities (Tr. 46,47). Thus, it is reasonable to conclude that Ms. Chism's mental impairment would cause more than a minimal limitation in her ability to perform basic mental work activities.

(Doc. # 11, Pl's Br. at 7).

Additionally, the plaintiff argues that the ALJ's opinion is erroneous because it is not based on any medical opinion or substantial evidence because no psychiatric review technique form was completed by a physician. The court concludes the ALJ did not err.

In *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988), the court stated, "[I]n any case where there is evidence which indicates the existence of a mental impairment the . . . [Commissioner] may determine that the claimant is not disabled only if the . . . [Commissioner] has made every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist." However, in *Sneed v. Barnhart*, 214 Fed. Appx. 883 (11th Cir. 2006), the court cites with approval *Plummer v. Apfel,* 186 F.3d 422 (3rd Cir. 1999), in which the Third Circuit notes that

Because 42 U.S.C. § 421(d), which covers hearings before an ALJ, is excluded from § 421(h)'s purview, an ALJ is not required to employ the assistance of a qualified psychiatrist or psychologist in making an initial determination of mental impairment. Instead, the Commissioner's regulations provide an ALJ with greater flexibility than other hearing officers. At the initial and

7

reconsideration levels, a PRT form-outlining the steps of the § 404.1520a procedure-must be completed and signed by a medical consultant. 20 C.F.R. § 404.1520a(d)(1). However, the ALJ has several options available: she can complete and sign the document without the assistance of a medical adviser; she can call a medical adviser for assistance in completing the document; or, if new evidence is received or the issue of mental impairments arises for the first time, she can remand the case for completion of the document and a new determination. 20 C.F.R. § 404.1520a(d)(1)(i-iii). In summary, the regulations allow the ALJ to remand for further review, to proceed with a determination without the assistance of a medical adviser, or to call a medical adviser for assistance with the case.

*Id.* at 432.

In the instant case, the ALJ carefully and at length considered the plaintiff's depression.

Although the claimant did not allege symptoms of depression prior to her hearing, she testified that she sought treatment at Spectra Care, a mental health services provider. Subsequent to the hearing in this matter, then, the medical records from SpectraCare were obtained. These reveal that the claimant had first sought treatment with them in June 2008. The intake interviewed reports that this was the first time Ms. Chism had sought mental health treatment. She reported to them that she experienced anxiety and that she continued to be depressed about her mother's death. She complained of "racing thoughts, her heart races and pounds" (Exhibit B11F p. 15).The initial clinical evaluation was "depression, anxiety, phobia and relational" (Exhibit B11F p.19) The plan was for counseling, group therapy and she was to meet with the psychiatrist (Dr. Lopez). In July she met with the Dr. Hammand, a psychologist. He diagnosed a major depressive disorder, situational phobia, generalized anxiety, and both sibling relational problems and parent/child relational problems (Exhibit Bl1F, p. 21). She was prescribed Wellbutrin in July 2008. After that initial contact with the psychologist, the record reveals the claimant repeatedly failed to appear for treatment at SpectraCare, which suggests that her symptoms of depression may not have been as serious as has been alleged in connection with this application. The claimant attended three appointments at SpectraCare, two assessments and one group therapy session. Her failure to show for subsequent therapy sessions culminated in her termination from Spectra Care services for non-compliance. (Exhibit B11F).

8

(R. at 20)

Following this general overview, the ALJ considered each of the functional areas which are used for evaluation of mental disorders: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. (R. at 20-21) Finally, the ALJ concluded as follows:

> While the evidence does establish a medically determinable mental impairment of a major depressive disorder, that condition does not cause any more than "mild" limitations in the two functional areas for assessing mental impairments. While the claimant has alleged at the hearing that she is depressed and this impacts her ability to work, her failure to actively participate in a plan for alleviating her alleged symptoms and given the wide range of activities she has identified both to her health professionals and at the hearing in this matter, I do not find credible her allegation that this condition would interfere with her ability to perform basic work activities. I have reviewed the record and do not any information from any health care provider indicating that the alleged depression in any way impacts her ability to perform basic work activities. Accordingly, I find that her alleged depressive disorder is not a severe impairment.

(R. at 21)

The ALJ is entitled to make this determination, and the court finds it is supported by substantial evidence. The plaintiff's contention regarding her mental impairment does not entitle her to relief.

**D.  The Vocational Expert and Dictionary of Occupational Titles Conflict**. The plaintiff contends that a remand is warranted because the ALJ failed to resolve the conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"). The plaintiff's argument lacks merit first, because it is inconsistent with Circuit

law and, secondly, because there is no real conflict between the vocational expert's testimony and the DOT.  Here is what the plaintiff argues.

> In the instant case, the VE's testimony that a claimant, who requires a sit/stand option, could perform light jobs such as garment folder, laundry article sorter, and office helper is not consistent with the DOT (Tr. 52). The DOT specifies that "standing" is defined as "being on one's feet in an upright position without moving about."  Thus, according to the DOT, jobs defined as "light work" entail standing for up to six hours a day in "an upright position without moving about" and would not allow for a sit/stand option.

(Doc. # 11, Pl.'s Br. at 10-11).

At the beginning of the vocational expert's testimony, the ALJ asked her, "Ms. Gillespie, I would ask that if at any time your testimony is going to be different than the information that might be found in the Dictionary of Occupational Titles, that you will bring it to my attention?" (R. at 52) The vocational expert responded that she would.  She never indicated to the ALJ that any differences existed.

The ALJ posed to the vocational expert the following hypothetical:

> Now, let's assume that we have an individual with the same work history as you've already described for Ms. Chism, and let's assume further that such an individual can lift and carry 20 pounds occasionally and 10 pounds frequently; would need a sit/stand option, able to sit/stand, but can do those throughout an eight-hour work day.  In addition, can only occasionally perform postural activities such as stooping, balancing, crouching, kneeling, and crawling; and can only occasionally climb stairs and ramps; and never climb ladders, ropes, or scaffolds.

(R. at  53-54)

In response to questions by the ALJ, the vocational expert testified that with these restrictions, the plaintiff could not perform any of the work she performed in the past. (R. at

54)  The ALJ then asked the vocational expert whether "there [were] any jobs in the region or in the several regions of the country that such an individual with the same work history as Ms. Chism, as a younger individual and a high -- or, less than a high school education, limited education, [would be] able to perform with these restrictions?" *Id.*  The vocational expert responded affirmatively.

> One example would be a garment folder. The DOT code is 789.687-066. This is unskilled, light work, with approximately 524,000 nationally, and 10,000 in the state of Alabama.  A second example would be a laundry article sorter. The DOT code is 361.38 -- excuse me, .687-014.  Again, this is unskilled, light work, with approximately 473,000 nationally, and 12,000 in the state of Alabama.  A third example would be an office helper. The DOT code is 239.567-015 -- excuse me, 010. This is unskilled, light work, with approximately 101,000 nationally, and 1,700 in the state of Alabama.

(R. at 55)

In this Circuit, a vocational expert's testimony trumps the DOT to the extent that the two are inconsistent.  *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999).  In *Jones v. Comm'r of Soc. Sec.*, the court discussed the very issue raised by the plaintiff.

> Jones cites SSR 00–4p, which provides that "[n]either the DOT nor the [VE's testimony] automatically 'trumps' " and instructs the ALJ to "elicit a reasonable explanation" for a conflict between the two before relying on the VE's testimony. SSR 00–04p, 2000 WL 1898704 (Dec. 4, 2000). Social Security Rulings are not binding on this Court. See *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr.1981); *see also Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982) (providing that we are bound by decisions issued by Unit B panels of the former Fifth Circuit). To the extent SSR 00–4p conflicts with *Jones*, we are bound by *Jones*. Furthermore, the ALJ arguably discharged his duty under SSR 00–04p by asking the VE about inconsistencies with the DOT, and then noting in his decision that the VE had explained that over half the cashier positions the DOT classified as light work were actually sedentary work.

423 Fed. Appx. 936, 939 n. 4 (11th Cir. 2011)

This court, of course, is bound by Circuit precedence; thus, the plaintiff's claim fails

on this alone.  However, even were that not so, the plaintiff still would not succeed.

20 C.F.R. § 404.1567 deals with physical exertion requirements and says in part as

follows:

> To determine the physical exertion requirements of work in the national
> economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.
> These terms have the same meaning as they have in the Dictionary of
> Occupational Titles, published by the Department of Labor. In making
> disability determinations under this subpart, we use the following definitions
> . . .
> (b) Light work. Light work involves lifting no more than 20 pounds at a time
> with frequent lifting or carrying of objects weighing up to 10 pounds. Even
> though the weight lifted may be very little, a job is in this category when it
> requires a good deal of walking or standing, or when it involves sitting most
> of the time with some pushing and pulling of arm or leg controls. To be considered capable
> of performing a full or wide range of light work, you must have the ability to do substantially
> all of these activities. If someone can do light work, we determine that he or she can also do
> sedentary work, unless there are additional limiting factors such as loss of fine dexterity or
> inability to sit for long periods of time.

Thus, the plaintiff is plainly incorrect to suggest that light work entails only walking

or standing.   By definition, light work can also consist of sitting.   In SSR 83-12 the

Commissioner discusses the special circumstances of the sit/stand option noting the need for

vocational expert testimony concerning unskilled jobs.

> In some disability claims, the medical facts lead to an assessment of RFC
> which is compatible with the performance of either sedentary or light work
> except that the person must alternate periods of sitting and standing. The
> individual may be able to sit for a time, but must then get up and stand or walk
> for awhile before returning to sitting. Such an individual is not functionally
> capable of doing either the prolonged sitting contemplated in the definition of

sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

The mere fact that a job is classified as light work cannot mean that it does not allow for a sit/stand option.  And nothing in the DOT definitions of garment folder,[6] laundry articles sorter[7] or office helper[8] indicate that those particular jobs do not allow for a sit/stand option.

Here, the application of the light work restrictions found by the ALJ required the

---

[6] Folds garments for bagging or boxing, following guide marks on table or using folding board (cardboard or metal form). Secures folds with metal clips. May insert tissue paper between folds. May make final inspection of garment. May pack garments in bags and boxes [PACKAGER, HAND (any industry)]. May be designated according to garment folded as Shirt Folder (garment; knitting).

[7] Sorts laundry into lots, such as flatwork, starchwork, and colored articles prior to washing or ironing: Places sorted articles in bins, nets, or baskets, or onto conveyor belt. May weigh flatwork and record weight on laundry ticket. May affix customer's identification mark on articles or fasten identifying pin to nets.

[8] Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments.

assistance of a vocational expert to inform the ALJ whether there were any jobs the plaintiff could perform consistent with the restrictions found by the ALJ.  The vocational expert provided a list of jobs she concluded the plaintiff could perform with the limitations stated by the ALJ in his hypothetical.  Identification of those jobs was within the province of the vocational expert.  Thus, the ALJ complied with SSR 00-4p.

Accordingly, the court concludes that the decision of the Commissioner is due to be affirmed.  A separate final judgment will be entered.

Done this 18th day of July, 2012.


            /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

14